19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Allen CUSTARD, Defendant-Appellant.
 No. 93-1174.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from the district court's denial of defendant's motion to withdraw his guilty plea. Defendant appeals on the grounds that the district court abused its discretion by refusing to allow defendant to withdraw his guilty plea where he consistently maintained his innocence of the charges in the indictment. Defendant further alleges that the guilty plea was not entered knowingly and voluntarily because defendant was unable to hear the prosecutor clearly, was threatened by a United States Marshal, was unable to adequately prepare for trial, and was required to appear in jail clothing. We affirm.
 
 
 3
 Defendant has no absolute right to withdraw a guilty plea prior to sentencing. Defendant bears the burden of demonstrating that he has a fair and just reason supporting his motion to withdraw the guilty plea. A determination of whether the defendant has met that burden is within the sound discretion of the trial court. The district court does not abuse its discretion unless it appears on the record that the court acted unjustly or unfairly in making the determination on the motion for a withdrawal of the guilty plea. United States v. Vidakovich, 911 F.2d 435, 439 (10th Cir.1990), cert. denied, 498 U.S. 1089 (1991).
 
 
 4
 The record makes clear in this case that the district court carefully and thoroughly conducted the original guilty plea proceeding and the proceeding related to the motion to withdraw the guilty plea. Numerous questions were asked of the defendant related to his knowing and voluntary waiver of the right to a jury trial. Although defendant alleges that he was unable to hear the prosecutor adequately, the record makes clear that the court did a substantial amount of the questioning regarding the original guilty plea and the motion to withdraw the plea. Further, the district court gave defendant several opportunities to adequately present his defense. At the hearing on the motion to withdraw the guilty plea, defendant attempted to convince the court that he was entitled to a downward adjustment in the sentence for acceptance of responsibility. In that colloquy, defendant specifically said that he did not deny the specific facts of the plea agreement. In short, the record in this case contains no evidence to show that the district court acted unjustly or unfairly. We therefore affirm the district court denial of the motion to withdraw the guilty plea. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470